UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 2:13-cr-00112-ALH |
| Plaintiff, | ORDER |
| v. | |
| EDWIN RANDAL COSTON, | |
| Defendant. | |

HAGGERTY, District Judge:

Defendant Edwin Randall Coston is charged with one count of mailing a threatening communication in violation of 18 U.S.C. § 876(c). On March 17, 2014, this court issued an Order granting several of defendant's motions in limine. The government filed a Motion for Reconsideration [94] asking the court to revisit its decision, specifically its exclusion of three items of evidence. For the reasons stated below, the government's Motion for Reconsideration is granted in part and denied in part. Due to the imminent trial date, the court has not afforded defendant an opportunity to respond to the government's motion. Accordingly, the court will provide defendant an opportunity to present any objections to this Order on the morning of trial, Monday, March 24, 2014.

1 -- ORDER

## BACKGROUND

The government asks the court to reconsider its March 17, 2014 Order as it pertains to the admissibility of the following three items of evidence: (1) Coston's February 16, 2013 phone conversation with his mother; (2) the November 5, 2012 order regarding Coston's habeas corpus petition; and (3) information related to Coston's prior conviction for intimidating a witness. In its March 17, 2014 Order, the court held that Coston's phone conversation with his mother would prove little more than the fact that defendant authored the letter at issue, a fact stipulated by the parties. The court also held that the admission of all filings related to defendant's habeas corpus petition, which the government originally requested, had a prejudicial effect that outweighed its probative value. Finally, the court excluded evidence related to defendant's prior conviction for intimidating a witness, because the evidence provides very little probative value as to defendant's intent, absence of mistake, or lack of accident to commit the crime charged in this case.

## ANALYSIS

No precise rule governs the district court's inherent power to grant or deny a motion to reconsider a prior ruling in a criminal proceeding. Rather, the district court's authority to revisit a ruling on motion in a criminal case is within its sound judicial discretion. *United States v. Lopez-Cruz*, 730 F.3d 803, 811 (9th Cir. 2013) (citing *United States v. Raddatz*, 447 U.S. 667, 678 n. 6 (1980) (internal quotations omitted)).

### 1. Habeas Corpus Order

In the government's current Motion, they have limited their request as to Coston's habeas corpus petition. Rather than requesting that all filings related to the petition be admitted, the government now requests that only the November 5, 2012 order be admitted. The court finds that the limitation reduces the unfair prejudice created by the other filings. The order itself

2 -- ORDER

carries very little prejudicial effect. Additionally, the court finds that the order provides context to the charge in this case and, consequently, may be probative of defendant's intent to mail a threatening communication. Therefore, the November 5, 2012 order is admissible.

However, to further limit the unfair prejudicial effect of the document, the court requires the following redactions in addition to those already made by the government: page 3, line 1 through page 5, line 3; and page 5 line 19, starting with the word "for" through the end of page 5, line 20. This redacted portion is in no way probative of defendant's intent to commit the crime charged and it contains information that has an unfair prejudicial effect.

### 2. February 16, 2013 Phone Conversation

The government requests that the court reconsider its decision to exclude a phone call between defendant and his mother on February 16, 2013. In the phone call, defendant states that he told a judge that he would douse her in gasoline, and he disregarded the potential consequences of issuing threats to a judge. The court held that the statements prove nothing in addition to the fact that defendant authored the letter at issue. The government persuasively argues that the call demonstrates defendant's anger with the judge and therefore his subjective intent to threaten her. These statements are not unfairly prejudicial. Therefore, the February 16, 2013 conversation is admissible.

However, portions of the call are unduly prejudicial. Accordingly, the end of the document, beginning with the line "I missed the point 12 years ago" must be redacted. The fact that defendant has spent 12 years in prison is highly prejudicial and has no probative value. Similarly, the statement, "I'm going to kill these people," is highly inflammatory. Also, because it is unclear whether that statement refers to the victim of defendant's alleged threat, the court finds it more prejudicial than probative.

3 -- ORDER

### 3. Prior Conviction for Witness Intimidation

The government requests that the court reconsider its decision excluding information related to defendant's prior conviction for witness intimidation. In excluding such evidence, the court found that it provided very little probative value as to defendant's intent, absence of mistake, or lack of accident to commit the crime charged in this case. In the prior case, defendant was convicted for writing a threatening letter to a witness. Because he was convicted for similar conduct in the past, the government argues that defendant was placed on notice that his words may be perceived as threats. According to the government, defendant would only take this risk again if he intended to communicate a real threat. The court finds this reasoning unpersuasive and continues to find that evidence related to defendant's prior conviction is clearly the type of "other act" evidence that Federal Rule of Evidence 404(b) was meant to exclude. The government's theory that defendant would only author a threat again if he truly meant it is wrought with speculation. Defendant's intent to threaten is simply not a conclusion forced by the fact that he was convicted for threatening someone in the past. Therefore, the court finds that the prior conviction is not probative as to defendant's intent and should be excluded.

///

///

///

///

///

///

///

///

4 -- ORDER

**CONCLUSION**

For the foregoing reasons, the government's Motion for Reconsideration [94] is granted in part and denied in part. The Motion is granted as to the November 5, 2012 habeas corpus order and the February 16, 2013 phone conversation, but only with the redactions identified above. The Motion is denied as to information related to defendant's prior conviction for witness intimidation.

IT IS SO ORDERED.

DATED this 21 day of March, 2014.

*[signature]*
Ancer L. Haggerty
United States District Judge