UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 2:13-cr-00112-ALH |
| Plaintiff, | ORDER |
| v. | |
| ALLAH, | |
| Defendant. | |

HAGGERTY, District Judge:

On July 23, 2013, defendant was indicted for mailing a threatening communication in violation of 18 U.S.C. § 876(c). Defendant's jury trial began on March 24, 2014. At the close of the government's evidence, defendant moved for judgment of acquital pursuant to Federal Rule of Criminal Procedure 29. The court denied defendant's motion from the bench. Then, defendant presented numerous exhibits in his defense and presented his own testimony. On March 26, 2013, the jury returned a verdict finding defendant guilty. Despite being represented by counsel, on April 1, 2014, defendant filed a *pro se* pleading entitled, "FRCP Rule 59 Motion

1 -- ORDER

for a New Trial" [119]. On April 3, 2014, defendant, through counsel, renewed [120] his motion for judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29(c). Defendant alternatively moves for a new trial, pursuant to Federal Rule of Criminal Procedure 29(d), based on the same grounds.

## STANDARD

Pursuant to Federal Rule of Criminal Procedure 29, judgment of acquittal is appropriate when "the evidence is insufficient to sustain a conviction." In ruling on a Rule 29 motion, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Alarcon-Simi*, 300 F.3d 1172, 1176 (9th Cir. 2002) (quoting *United States v. Bahena-Cardenas*, 70 F.3d 1071, 1072-73 (9th Cir. 1995)).

## ANALYSIS

Defendant argues that acquittal is appropriate because his statements did not constitute a "true threat." A "true threat" is a statement in which the speaker meant "to communicate a serious expression of an intent to commit an act of unlawful violence to a particular individual." *Virginia v. Black*, 538, U.S. 343, 359-69 (2003). The government must prove both a subjective intent to threaten and an objective threat. The parties agreed that defendant authored a statement, which in relevant part included :

> I'm going to tell you like this devil, "You [Judge Rosanna Malouf Peterson], mere woman who is on the way to becoming non existent, I will give you action, see me Face to Face and give me a Order to do something or better yet play like you are judging God, I will personally douse you with gasoline the cheap kind and set you on Fire. You piece of excrement.

The court finds that a rational trier of fact could find that statement objectively threatening. Additionally, the court finds that the threat was not conditional, as defendant suggests, because Judge Peterson had already issued the Order to which defendant refers in his statement.

The court also finds that a rational trier of fact could find that defendant subjectively intended to threaten Judge Peterson. It is clear that defendant's communication was made in response to Judge Peterson's November 5, 2012 Order, in which she required defendant to amend his petition for *habeas corpus*. This response was filled with offensive remarks and accusations of wrongdoing directed at Judge Peterson. Despite the fact that defendant testified that his statements were all a joke, the jury evaluated that testimony and returned a guilty verdict. The court finds that a rational trier of fact could discredit defendant's testimony and find that defendant subjectively intended to threaten Judge Peterson.

## CONCLUSION

Based on the foregoing, defendant's Motion of Acquittal Pursuant to Fed. R. Crim. P. 29 [120] is denied. Because the court is denying defendant's Motion of Acquittal, defendant's motion for a New Trial pursuant to Rule 29(d) is also denied. If the defendant had intended to file a motion for a new trial pursuant to Rule 33, the court finds no basis to grant a new trial. Defendant's *pro se* Motion for a New Trial [119] is also denied. The court finds no basis to reconsider any prior ruling.

IT IS SO ORDERED.

DATED this _1_ day of May, 2014.

Ancer L. Haggerty
United States District Judge

3 -- ORDER