UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

Plaintiff,

v.

EDWIN RANDAL COSTON, also known as ALLAH,

Defendant.

NO: 2:13-CR-0112-TOR

ORDER DENYING DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255

BEFORE THE COURT is Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. ECF No. 213. Defendant is proceeding *pro se*. The Court has reviewed the record and files herein and is fully informed. Because the files and records of the case conclusively show that Defendant is entitled to no relief, the Government was not ordered to respond. *See* 28 U.S.C. § 2255(b). For the reasons discussed below, the Court **denies** the motion to vacate.

//

//

## BACKGROUND

On March 26, 2014, a jury found Defendant guilty of mailing a threatening communication in violation of 18 U.S.C. § 876(c). ECF No. 116. On June 30, 2014, Defendant was sentenced to 41-months imprisonment consecutively to Defendant's terms of imprisonment in docket numbers: 01-1-09176-6; 01-1-10807-3; and 02-1-02047-6, King County Superior Court. ECF No. 148. Defendant's federal sentencing guideline calculation resulted in a total offense level 18, criminal history category VI, with an advisory imprisonment range of 57 to 71 months. ECF No. 149.

On June 22, 2022, Defendant filed the instant motion seeking "immediate release" apparently because one or more of his prior state drug possession convictions had been vacated. ECF No. 213.

## DISCUSSION

The Court finds that the issues raised do not require an evidentiary hearing. *See* Rule 8, Rules—Section 2255 Proceedings. The transcripts, records and materials filed in this proceeding adequately document the issues for resolution.

The Court first considers Defendant's motion pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings. Rule 4 provides that the Court "must promptly examine [the motion]. If it plainly appears . . . that the moving party is not entitled to relief, the judge must dismiss the motion . . ."

**A. Motion to Vacate, Set Aside or Correct Sentence**

Title 28 U.S.C. § 2255 provides four grounds under which a federal court may grant relief to a federal prisoner who challenges a sentence of incarceration: (1) "that the sentence was imposed in violation of the Constitution of laws of the United States;" (2) "that the court was without jurisdiction to impose such sentence;" (3) "that the sentence was in excess of the maximum authorized by law;" and (4) that the sentence "is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255(a). The Supreme Court has repeatedly interpreted this to encompass only errors that constitute a "fundamental defect which inherently results in a complete miscarriage of justice" or "an omission inconsistent with the rudimentary demands of fair procedure." *United States v. Timmreck*, 441 U.S. 780, 783 (1979) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)). While the remedy is in this sense comprehensive, it does not encompass all claimed errors in conviction and sentencing. *United States v. Addonizio*, 442 U.S. 178, 185 (1979). Generally, motions pursuant to § 2255 must be filed within one year from "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). However, the statute also authorizes filing within one year of "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." *Id.* § 2255(f)(4).

In *Johnson v. United States*, the Supreme Court held that "the one year period begins when a petitioner receives notice of the order vacating the prior conviction, provided that he has sought it with due diligence in state court, after entry of judgment in the federal case with the enhanced sentence." 544 U.S. 295, 298 (2005). The fact of the state-court order sets "the 1-year period running only if petitioner has shown due diligence in seeking the order." *Id*. at 302.

In *Johnson*, the defendant was sentenced under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), which provides for a mandatory minimum 15-year sentence for possession of a firearm rather than "not more than 10-years" based upon three or more prior convictions for a "serious drug offense" or a "violent felony." The underlying premise in *Johnson* was that the Supreme Court previously held "that a defendant given a sentence enhanced for a prior conviction is entitled to a reduction if the earlier conviction is vacated." *Id*. at 303 (citing *Custis v. United States*, 511 U.S. 485 (1994); *Daniels v. United States*, 532 U.S. 374 (2001)). The Supreme Court ultimately held that Johnson had not acted with due diligence by waiting more than three years to seek vacatur of his underlying state conviction. *Id*. at 311.

Both *Custis* and *Daniels* involved the statutory sentencing enhancement provided by the ACCA. Challenges to such sentences are cognizable under 28 U.S.C. § 2255 if a predicate conviction is vacated because section 2255 authorizes

claims that a sentence was imposed "in excess of the maximum authorized by law."

Here, Defendant has not shown that his sentence was imposed "in excess of the maximum authorized by law", it is a below the guideline sentence. Whether his prior state drug conviction(s) is counted or not, Defendant faced the same statutory penalty. Defendant's statutory maximum and minimum penalties did not change upon the finding that he had prior state drug possession convictions. The Guidelines are advisory, not binding on the Court's sentencing discretion. *United States v. Booker*, 543 U.S. 220 (2005). This fact distinguishes the holdings in *Custis*, *Daniels*, and *Johnson* from Defendant's circumstances.

Defendant had a valid expectation that his sentence would not be more than the statutory maximum, regardless of the advisory Guideline calculation. Defendant did not have a legally enforceable right to be sentenced within a certain Guideline range, as the range is advisory and the court must also consider the § 3553(a) factors. *See Irizarry v. United States*, 553 U.S. 708, 713-14 (2008) (stating any expectation subject to due process protection that a criminal defendant would receive a sentence within the presumptively applicable Guideline range did not survive *United States v. Booker*). Nonconstitutional sentencing errors that have not been raised on direct appeal have been waived and generally may not be reviewed by way of 28 U.S.C. § 2255. *United States v. Schlesinger*, 49 F.3d 483,

485 (9th Cir. 1994). Computational errors in a presentence report do not give rise to a constitutional issue. *United States v. McMullen*, 98 F.3d 1155, 1157 (9th Cir. 1996). Neither the Ninth Circuit Court of Appeals nor the Supreme Court has extended the rationale of *Custis*, *Daniels*, or *Johnson* to apply to advisory Guideline calculations for cases on collateral review.

Accordingly, Defendant has not established a constitutional violation or other right to relief.

**B. Certificate of Appealability**

A petitioner seeking post-conviction relief may appeal a district court's dismissal of the court's final order in a proceeding under 28 U.S.C. § 2255 only after obtaining a certificate of appealability ("COA") from a district or circuit judge. 28 U.S.C. § 2253(c)(1)(B). A COA may issue only where the applicant has made "a substantial showing of the denial of a constitutional right." *See id.* § 2253(c)(2). To satisfy this standard, the applicant must "show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotation marks and citation omitted).

The Court concludes that Defendant is not entitled to a COA because he has not demonstrated that jurists of reason could disagree with this Court's resolution or conclude the issues presented deserve encouragement to proceed further.

**ACCORDINGLY, IT IS HEREBY ORDERED**:

1. Defendant's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (ECF No. 213) is **DENIED**.

2. The Court further certifies that there is no basis upon which to issue a certificate of appealability and the same is **DENIED**.  28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

The District Court Executive is hereby directed to enter this Order and furnish copies to the parties (including mailing this to the Defendant addressed to "Allah Allah" at the Washington State Penitentiary).  This file and the corresponding civil file (2:22-CV-0150-TOR) shall be **CLOSED**.

DATED June 27, 2022.



THOMAS O. RICE
United States District Judge